# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KENNETH B. HAGGINS, )
)
    Plaintiff, )
)
v. )   Case No. CV411-209
)
OFFICER JACOB SCHROYER; )
DETECTIVE SHINITA )
YOUNG; SGT. R. GAVIN; )
GREGORY JACOBS, Assistant )
District Attorney; STEVE BROWN, )
Assistant District Attorney; )
TODD MARTIN, Assistant )
Public Defender, )
)
    Defendants. )

## ORDER

Currently being prosecuted for, *inter alia*, felony murder, *see* attached state court docket pages, Kenneth B. Haggins invokes 42 U.S.C. § 1983 in response to an ongoing state court prosecution.[1] Doc. 1. He

---

[1] Having completed his IFP paperwork, docs 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii) (allows a district court to sua sponte dismiss a claim of an a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process). The Court also proceeds under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief), and 42 U.S.C. § 1997e(c)(2)

brings false arrest and malicious prosecution claims against arresting/prosecuting officers, two assistant district attorneys and his public defender. Doc. 1. In addition to money damages, doc. 1 at 12, he also seeks a "Motion for Temporary Restraining Order" to stop the prosecution against him. Doc. 13. There he describes his

> claims for the unconstitutional acts of each defendant for their participation in the illegal arrest, false imprisonment, misrepresentation of counsel, the concealment of fact, false statements and writings, the concurrent negligence of said and unsaid defendants, and the damages he has suffered from during his incarceration resulting from a malicious prosecution.

*Id.* at 5.[2]

The police and prosecutors, he alleges, are wrongfully prosecuting him by doing things like misstating the evidence against him and failing

---

(allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 2011 WL 4436591 at * 1 n. 1 (11th Cir. Sep. 26, 2011). But conclusory allegations advance nothing. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, 129 S. Ct. at 1949 (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (but *pro se* pleadings are still construed liberally after *Iqbal*).

[2] All documents referenced here have been "E-filed." The Court is thus using the electronic, screen-page pagination inserted onto the top of each page by the Court's CM/ECF software.

to disclose exculpatory evidence. *Id.* at 6-9. He *seems* to allege a conspiracy between them. *See Am. Fed'n of Labor and Congress of Indus. Organizations v. City of Miami*, 637 F.3d 1178, 1191 (11th Cir. 2011) (to prevail on § 1983 conspiracy claim, plaintiff must show that agreement between two or more people, at least one of whom is state actor, to violate his constitutional rights resulted in actual violation of those rights).

As for the prosecutor defendants, *see* doc. 1 at 13, Haggins has alleged nothing to pierce the prosecutorial immunities set forth in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."), and *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State .....'"). And public defenders are not state actors within the meaning of § 1983, so no claim is stated against Todd Martin. *Polk County v. Dodson*, 454 U.S. 312, 325

(1981). Any money-damage claims against those defendants therefore fail outright.[3]

As for plaintiff's quest to enjoin the alleged bad faith criminal prosecution, principles of equity, comity, and federalism constrain federal courts generally to "abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Exceptions to this rule: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances that call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010).

---

[3] *Iqbal* ended the ability of a plaintiff to allege that an individual or group of people "harmed me," then rely on discovery and summary motion processes to separate the wheat from the chaff. Hence, it is simply not sufficient for Haggins to allege that various defendants conspired to maliciously arrest and prosecute him; he must plead specific details. *Iqbal*, 129 S.Ct. at 1949; *Mamani v. Berzain*, 654 F.3d 1148654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."). For that matter, Haggins does not allege that a private actor conspired with any state actors to deprive him of any civil rights.

Haggins' attempt to invoke the *Younger* exception fails, as he offers no "'substantial allegation' showing actual bad faith." *Hudson*, 358 F. App'x at 118 (footnote omitted). "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (federal courts should limit intervention to "cases of *proven* harassment or prosecutions undertaken by state officials without hope of obtaining a valid conviction.") (emphasis added).

It follows that plaintiff must plead sufficient facts which, if proven, would support *Younger* relief. Just saying that a prosecution is brought for "bad purposes," "in bad faith," or some similar variant, is not enough.[4] *Ramey v. Georgia*, 2010 WL 786806 at * 7 (M.D. Ga. Mar. 5,

---

[4] Haggins does allege specific defects in the process thus far accorded to him. For example, he complains that during his October 6, 2010 preliminary hearing "there was no oath administered to the State's only testifying witness . . . ." Doc. 1 at 7. He

2010) ("conclusory and speculative allegations cannot meet this standard."). Nor has Haggins pled enough to support any of the other *Younger* exceptions. Instead of running to federal court, Haggins should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.").

His remaining damages claims, as currently pled, also fail. He alleges that he was falsely arrested, doc. 1 at 6 ("I was unlawfully detained . . . without the existence of probable cause."), and he was not brought before a magistrate from the August 9, 2010 date of his warrantless arrest until the October 6, 2010 preliminary hearing provided for him:

> [a]fter a warrantless arrest, I was never brought before a magistrate or judicial officer to determine whether there w[ere] any grounds to issue a warrant for my arrest[,] and the state used the

also cites a discrepancy in the dates in which the State says it is using to establish its chain of custody over the knife it says plaintiff used to commit the murder. *Id.* at 7. This is far from the stuff of a conspiracy to manufacture evidence to wrongly convict an innocent man, or harass someone. Instead, it is part of the generic layer of discrepancies and defects running through routine prosecutions -- and for which the state judicial review process is equipped to examine. Defendants like Haggins do not get to "jump the tracks" to obtain *de facto* federal review of the prosecutorial process; rather, subject to the rare *Younger* exception noted above, they must first exhaust all state remedies and only then seek federal *habeas* relief.

> return of an indictment . . . 86 days after my arrest, to provide probable cause for my arrest.

Doc. 1 at 8; *see also* doc. 1 at 6; doc. 13 at 10-11.[5] Finally, he alleges that "[t]he state is maliciously prosecuting me. . . ." Doc. 1 at 8.

The problem for Haggins is that he fails to name any particular defendant here. In any event, the constitutional tort of false arrest, a "species" of false imprisonment, arises from "detention without legal process." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). False arrest claims provide recovery for damages between the time of arrest or seizure and the issuance of legal process. *Id.* at 390 ("false imprisonment ends once the victim becomes held pursuant to [legal] process"); *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (false arrest claims "'cover the time of detention up until the issuance of process or arraignment, but not more'"); *Whiting v. Traylor*, 85 F.3d 581, 585 n. 8 (11th Cir. 1986) (same).

Here Haggins alleges false arrest but has since undergone a preliminary hearing and has been indicted, so his false arrest claim at the latest ends with his indictment (i.e., when he came to be held pursuant to "legal process") -- which is also when his malicious

---

[5] The (attached) state's docket sheet does not reflect any activity in plaintiff's criminal prosecution until his November 3, 2010 indictment.

7

prosecution claim begins. *See Wallace*, 549 U.S. at 389-90 (false imprisonment [or arrest] involves detention "without legal process," and ends once the victim becomes held *pursuant to such process*, whereas "the 'entirely distinct' tort of malicious prosecution ... remedies detention accompanied ... by *wrongful institution* of legal process."); *Joyce v. Adams*, 2007 WL 2781196 at *3 (S.D. Ga. Sep. 20, 2007).

Mindful of his pending prosecution, Haggins has filed an "abeyance" motion, citing *Heck*, doc. 20 at 1, in which he seeks to stay this case until his prosecution terminates in his favor. *See Heck*, 512 U.S. at 486-87. He thus is aware of the statute of limitations clock running on him. That clock ticks for false arrest and false imprisonment claims "where the arrest is followed by criminal proceedings, [and] begins when the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 389. Plaintiff's motion thus presupposes that *Heck* applies. Some courts once applied *Heck* to ongoing prosecutions, *see, e.g., Smith v. Holt*, 87 F.3d 108, 113 (3rd Cir. 1996), but that practice was rejected by

*Wallace*, 549 U.S. at 393-94; *Dique v. New Jersey State Police*, 603 F.3d 181, 188 (3rd Cir. 2010).[6]

*Wallace*, for that matter, addressed the tension created by *Heck*. Prior to *Wallace*, courts reasoned that plaintiffs like Haggins could advance no such claim until first showing either an acquittal or proof "that [any] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87.; *Blackmon v. Johnson*, 2008 WL 2397480 at * 4 (S.D. Ala. Jun. 11, 2008). Because that rendered statute-of-limitations management unwieldy (again, the claim accrues when legal process commences, and in this case it was at least by the date of Haggins' indictment), *Wallace* thus

---

[6] *Wallace* characterized *Heck* as delaying "what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." *Wallace*, 549 U.S. at 393. In order to defer accrual of the claim in false arrest cases, the *Heck* principle would have to be extended to mean "that an action which would impugn an *anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Id*. Finding such a principle to be impracticable, the *Wallace* Court held that it was "not disposed to embrace this bizarre extension of *Heck*." *Id*.

held that when a plaintiff files a false arrest/false imprisonment claim *prior* to the disposition of the charges against him, "it is in the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393–94. Following disposition of the charges, the plaintiff's claim will be either barred under *Heck* or allowed to proceed, absent some other bar to suit. *Id.* at 394.

*LeBlanc v. Stedman*, 2011 WL 2983080 at * 3 (E.D. Pa. Jul. 21, 2011) (emphasis added).

Haggins has pled a false arrest claim, and possibly the makings of a "*McLaughlin*" claim arising from the gap between Haggins' August 9, 2010 warrantless arrest and the August 25, 2010 preliminary hearing. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).[7] He correctly notes (doc. 1 at 8, 11) that after his arrest the state was required to

---

[7] As the *Smith* court explained, there are constitutional claims which can be litigated without interfering with a prosecution or impugning conviction:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful would not necessarily imply that the plaintiff's conviction was unlawful.

*Smith*, 87 F.3d at 112.

timely bring him before a magistrate.[8] *McLaughlin*, 500 U.S. at 53 (under *Gerstein v. Pugh*, 420 U.S. 103 (1975), "persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause").[9] And in a typical *McLaughlin* claim, a plaintiff subjected to a warrantless arrest alleges that he was kept in custody for days, weeks, or months without a judicial determination of probable cause. *McLaughlin*, 500 U.S. at 1664 (plaintiffs detained for days without a judicial probable cause determination pursuant to county policy combining probable cause determinations with arraignment procedures); *Gerstein*, 420 U.S. at 106 (plaintiffs detained for a substantial period of time solely on the decision of a prosecutor); *Capestany*, 289 Ga. App. at 52 n. 10 (noting civil remedy for *McLaughlin* violation).

---

[8] Under O.C.G.A. § 17-4-62, any person who is arrested without a warrant and who is not brought before an appropriate judicial officer within 48 hours of arrest "shall be released," but that release right expires when a warrant or indictment is obtained. *Capestany v. State*, 289 Ga. App. 47, 50 (2007); *see also* O.C.G.A. § 17-4-26 (providing for a first appearance hearing within 72 hours after an arrest *with* a warrant).

[9] *McLaughlin* held that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." 500 U.S. at 56. Where a probable cause determination does not occur within 48 hours of a warrantless arrest, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57. A win on this claim would at most fetch a damages award but not disturb any prosecution or conviction.

Again, however, Haggins names no particular defendant on this claim. He says his preliminary hearing was constantly delayed, yet he also discloses that, by August 25, 2010, he was represented by counsel. Doc. 1 at 6. If his own lawyer waived his *McLaughlin* rights then his claim, to the extent it arose while he was represented, is waived. His lawyer is his agent so he is bound by his agent's acts. *Hynko v. Hilton*, 198 Ga. App. 308, 309 (1991); *Stephens v. Alan V. Mock Const. Co., Inc.*, 302 Ga. App. 280, 286 (2010). And such "procedural" rights are routinely traded for benefits -- part of the bread and butter of the plea-negotiation process.

Still, Haggins is unclear about what happened during the August 9 - 25, 2010 period. If he was represented and his lawyer waived his *McLaughlin* rights for that period, too, then this would affect the viability of such a claim here. So before this Court can consider a stay, *see, e.g., Turner v. Nirenberg*, 2010 WL 1752512 at * 5 (D.N.J. Apr. 30, 2010), Haggins must supply it with more information. The Court therefore grants him 21 days to amend his complaint.

Finally, to the extent Haggins seeks immediate release from confinement, he must bring a 28 U.S.C. § 2241 habeas action, not a §

1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). That means he must first exhaust his state court remedies.[10] So if he wishes to proceed with such a claim, he should file a 28 U.S.C. § 2241 habeas petition, but it would likely be subject to immediate dismissal for lack of exhaustion (and thus he should exhaust his state court remedies first).

---

[10] Plaintiff does not plead, nor can he credibly claim, that judicial review is not available to him in the Georgia courts:

> So long as review is available in the Georgia courts . . . "this Court is precluded from the consideration of the substance of [plaintiff's claims] until the issues have been squarely and fairly presented to the Georgia courts for their consideration." *Fields v. Tankersley*, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). As Petitioner apparently has not sought relief in state court, he has not exhausted his state court remedies. *See Castille v. Peoples*, 489 U.S. 346, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (holding that a claim is only exhausted if it was presented to the state courts under remedies available under state law).

*Ellis v. Unnamed Defendant*, 2010 WL 3842806 at * 1 (N.D. Ga. Sep. 28, 2010); *see also* 28 U.S.C. § 2254(b), (c).

Accordingly, Kenneth B. Haggins' Motion for Preliminary Injunction, doc. 13, is **DENIED**. The Court will reach his "abeyance" motion (doc. 20) after he amends his complaint. Meanwhile, it **DENIES** his "amend" motion, doc. 15, his "withdraw" motion, doc. 17, and his "consideration" motion. Doc. 19. Finally, the Court has disregarded plaintiff's attempt to name each defendant in his "official" capacity, doc. 1 at 13, because he has not pled the necessary elements to hold the county or state liable to him. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Bradshaw v. Stewart*, 2011 WL 882183 at * 2 (M.D. Ga. Feb. 9, 2011).[11]

**SO ORDERED** this  7th  day of November, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[11] The arresting officers, and hence the county making the arrest, are responsible for conveying the offender before a judicial officer. O.C.G.A. § 17-4-62. But even here, facts must be pled. Absent a policy, practice or custom of tolerating *McLaughlin* violations, the county had no independent duty to guarantee that each arresting officer provides an arrestee with a proper probable cause determination, only a duty not to impede them from doing so. *Dempsey v. Elmore*, 2010 WL 2195682 at * 7 (S.D. Ga. Mar. 23, 2010).



CHATHAM COUNTY, GA
Eastern Judicial Circuit of Georgia

Home | Magistrate Court | Probate Court | State Court | Superior Court | Juvenile Court | Court Forms | Court Fees

November 01, 2011    Location: Case Details    input your search...

CASE LOOKUP

## Case Details

COURT FORMS

COURT FEES

MAP & DIRECTIONS

JURY SERVICES

SITE SEARCH

State
VS.
HAGGINS, KENNETH

- Case Events
- Charges
- Parties
- Proceedings

### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR102560 |
| Case Type: | MURDER |
| Judge: | PERRY BRANNEN, JR. |
| Assistant District Attorney: | STEPHEN BROWN |
| Date Filed: | 11/3/2010 |
| Status: | ACTIVE - |
| Next Event: | 11/14/2011 MOTION HEARING (MTH) |

### Defendant Information

| | |
|---|---|
| Name: | HAGGINS, KENNETH |
| DIN: | X0144327 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 67 |
| Weight: | 150 |
| Eyes: | BROWN |
| Hair: | BLACK |


Chatham County Sheriff X0144327

Click for large Picture

Defendant History

### Attorney Information

WILLIAM S LEWIS
540 EAST OGLETHORPE AVE
SAVANNAH, GA
31401

### Bondsman Information

N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 11/14/2011 | 09:30AM | JURY TRIAL | PERRY BRANNEN, JR. | |
| 11/14/2011 | 3:00PM | MOTION HEARING (MTH) | PERRY BRANNEN, JR. | |
| 9/26/2011 | 09:30AM | JURY TRIAL | PERRY BRANNEN, JR. | RESCHEDULE EVENT |
| 9/26/2011 | 3:00PM | MOTION HEARING (MTH) | PERRY BRANNEN, JR. | RESCHEDULE EVENT |
| 7/5/2011 | 09:30AM | JURY TRIAL | PERRY BRANNEN, JR. | RESCHEDULE EVENT |
| 5/16/2011 | 09:30AM | JURY TRIAL | PERRY BRANNEN, JR. | RESCHEDULE EVENT |
| 2/22/2011 | 12:00PM | PRETRIAL HEARING | PERRY BRANNEN, JR. | |
| 1/3/2011 | 12:00PM | PRETRIAL HEARING | PERRY BRANNEN, JR. | RESCHEDULE EVENT |
| 12/6/2010 | 10:00AM | CALENDAR CALL | PERRY BRANNEN, JR. | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-5-1(C) | FELONY MURDER | 1 | FELONY | 11/3/2010 | |
| 16-5-21 | AGGRAVATED ASSAULT | 1 | FELONY | 11/3/2010 | |
| 16-7-23 | CRIMINAL DAMAGE TO PROPERTY 2ND DEGREE | 1 | FELONY | 11/3/2010 | |
| 16-11-106 | POSS FIREARM/KNIFE IN COMMITTING CRIME | 1 | FELONY | 11/3/2010 | |
| 16-11-126 | CARRYING A CONCEALED WEAPON | 1 | FELONY | 11/3/2010 | |
| 16-5-1(A) | MALICE MURDER | 1 | FELONY | 11/3/2010 | |
| 16-11-106 | POSS FIREARM/KNIFE IN COMMITTING CRIME | 1 | FELONY | 11/3/2010 | |

[Return to Top]

**Proceedings**

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 11/14/2011 | 09:30AM | JURY TRIAL | | PERRY BRANNEN, JR. | |
| 11/14/2011 | 3:00PM | MOTION HEARING (MTH) | | PERRY BRANNEN, JR. | |
| 10/21/2011 | | ORDER | | | ORDER DENYING NOTICE OF DEF/ |
| 10/18/2011 | | ENTRY OF APPEARANCE | | | WILLIAM S LEWIS/ |
| 10/17/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 10/17/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | NOTICE OF INTENTION OF DEFENSE/DECLARATION BY DEF/ |
| 10/17/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 10/17/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 9/26/2011 | | ORDER | | | CASE CONTINUED/ |
| 9/26/2011 | 09:30AM | JURY TRIAL | RESCHEDULE EVENT | PERRY BRANNEN, JR. | |
| 9/26/2011 | 3:00PM | MOTION HEARING (MTH) | RESCHEDULE EVENT | PERRY BRANNEN, JR. | |
| 9/21/2011 | | NOTICE | | | FILED BY DEF/ |
| 9/16/2011 | | SUBPOENA DUCES TECUM | | | DET S YOUNG/ |
| 9/14/2011 | | MOTION - TO SUPPRESS-JACKSON D | | | AMENDED MOTION TO SUPPRESS AND EXCLUDE ALL STATEMENTS OF DEF ADN DEMANDF OR JACKSON DENNO HEARING/ |
| 9/14/2011 | | MOTION - TO DISMISS | | | AMENDED MOTION TO DISMISS DUE TO DESTRUCTION OF MATERIAL AND EXCULPATORY EVIDENCE/ |
| 9/14/2011 | | MOTION - TO SUPPRESS-JACKSON D | | | AMENDED MOTION TO SUPPRESS/ |
| 9/14/2011 | | SUBPOENA DUCES TECUM | | | TO DET S YOUNG/ |
| 9/13/2011 | | MASTER LIST FOR WITNESSES | | | |
| 9/13/2011 | | PETITION FOR BOND/NISI | | | LOWRY/ |
| 9/8/2011 | | NOTICE | | | FILED BY DEF REPRESENTED BY LOWRY/ |
| 9/8/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 9/8/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 9/7/2011 | | MASTER LIST FOR WITNESSES | | | |
| 8/29/2011 | | PRO SE LETTER RECEIVED | | | REQUESTING TRANSCRIPTS-NAN NOTED NO TRANSCRIPTS IN FILE/ |
| 8/23/2011 | | MOTION - TO DISMISS | | | MOTION TO DISMISS DUE TO DESTRUCTION OF MATERIAL AND EXCULPATORY EVIDENCE/ |
| 8/17/2011 | | PRO SE LETTER RECEIVED | | | REQUESTING TRANSCRIPTS-FORWARD TO NAN/ |
| 8/15/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 8/10/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 7/29/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 7/6/2011 | | ENTRY OF APPEARANCE | | | LOWRY/ |
| 7/5/2011 | | ORDER | | | CASE CONTINUED/ |
| 7/5/2011 | 09:30AM | JURY TRIAL | RESCHEDULE EVENT | PERRY BRANNEN, JR. | |
| 6/28/2011 | | MEMORANDUM | | | MEMO FROM JUDGE IN RESPONSE TO PRO SE LETTER/ |

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 6/27/2011 | | PRO SE LETTER RECEIVED | | | |
| 5/16/2011 | 09:30AM | JURY TRIAL | RESCHEDULE EVENT | PERRY BRANNEN, JR. | |
| 4/7/2011 | | MEMORANDUM | | | MEMO IN SUPPORT OF LETTER TO OBTAIN MISSING DISCOVERY-FILED BY DEF/ |
| 4/7/2011 | | SEALED DOCUMENT | | | |
| 3/11/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 2/22/2011 | 12:00PM | PRETRIAL HEARING | | PERRY BRANNEN, JR. | |
| 2/4/2011 | | STATE"S DISCOVERY DISCLOSURE | | | |
| 1/27/2011 | | CERTIFIED MAIL RECEIPT | | | |
| 1/21/2011 | | CONSOLIDATED MOTIONS PACKAGE | | | |
| 1/19/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 1/10/2011 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 1/3/2011 | 12:00PM | PRETRIAL HEARING | RESCHEDULE EVENT | PERRY BRANNEN, JR. | |
| 12/30/2010 | | TRANSCRIPT RECEIVED | | | PRELIMINARY HEARING 10-6-10/ |
| 12/28/2010 | | MEMORANDUM | | | |
| 12/27/2010 | | PRO SE LETTER RECEIVED | MOOT | | |
| 12/6/2010 | 10:00AM | CALENDAR CALL | | PERRY BRANNEN, JR. | |
| 12/3/2010 | | CORRESPONDENCE | | | FROM JUDGE OFFICE-RETURNING PRO SE LETTER-DEF REPRESENTED BY COUNSEL/ |
| 12/3/2010 | | BOND ORDER | | | DENIED/ |
| 12/2/2010 | | PRO SE LETTER RECEIVED | | | |
| 11/29/2010 | | CORRESPONDENCE | | | FROM JUDGE OFFICE RETURNING SPEEDING TRIAL PRO SE LETTER-DEF REPRESENTED BY COUNSEL/ |
| 11/22/2010 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 11/19/2010 | | CORRESPONDENCE | | | FROM BRANNEN OFFICE/ |
| 11/17/2010 | | PRO SE LETTER RECEIVED | | | |
| 11/16/2010 | | PETITION FOR BOND/NISI | | | |
| 11/15/2010 | | BENCH WARRANT EXECUTED | | | |
| 11/5/2010 | | BENCH WARRANT ISSUED | | | |
| 11/4/2010 | | ENTRY OF APPEARANCE | | | TODD MARTIN/ |
| 11/3/2010 4:23:31 PM | | SCREENING | | | Initial Case Screening / Scanning |
| 11/3/2010 | | INDICTMENT | | | |

[Return to Top]