# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KENNETH B. HAGGINS,            )
                               )
    Plaintiff,                )
                               )
v.                             )   Case No. CV411-209
                               )
DETECTIVE SHINITA YOUNG,       )
                               )
    Defendant.                )

## REPORT AND RECOMMENDATION

Currently being prosecuted for, *inter alia,* felony murder (*see* attached state-court docket showing a February 13, 2012 jury trial scheduled), Kenneth B. Haggins has filed this 42 U.S.C. § 1983 case to jam it up. Docs. 1 & 33. The Court previously screened his claims and denied his "Motion for Temporary Restraining Order" to stop the prosecution against him, but granted him leave to amend his complaint. Doc. 21 at 14. Haggins "appealed" that ruling to the district judge, doc. 24 (Notice of Appeal), but the Clerk erroneously sent his NOA to the Eleventh Circuit, which docketed his appeal (doc. 28), thus divesting this Court of jurisdiction. *See, e.g., United States v. Cruz,* 2011 WL 4048965

at * 1 (M.D.Fla. Sep. 13, 2011). So, the Court administratively closed this case pending appeal, doc. 29, which has since been dismissed. Doc. 37. The Court therefore dissolves the stay, the Clerk shall **REOPEN** this case, and the Court **GRANTS** Haggins' motion (doc. 36) to **AMEND** its payment-processing Order to relieve him of the $450 appellate filing fee. The Clerk shall forward a copy of this Order to his account custodian, who is directed to remit to this Court's Clerk only $350, not $800, from Haggins' inmate account.

The Court also **GRANTS** Haggins' motion to dismiss his "appeal," Doc. 31, but **DENIES** his motion for appointment of counsel. Doc. 38.[1] Finally, the Court **GRANTS** in part and **DENIES** in part his motion to amend his complaint. Doc. 33. Haggins is referred to this Court's prior analysis, doc. 21, *reported at* 2011 WL 5358665, which led it to deny his injunctive-relief motion, and is applicable here to deny (as dismissible) almost all of his amended complaint: He has sued immune defendants, is masquerading habeas claims as § 1983 claims, and otherwise pleads

---

[1] "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). This Court appoints counsel only in exceptional circumstances "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Haggins has shown nothing like that here.

*Iqbal*-deficient conclusions,[2] not facts, to otherwise support them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951 (2009). Again, it is not enough to cite a "generic layer of discrepancies and defects running through routine prosecutions -- and for which the state judicial review process is equipped to examine." Doc. 21 at 6 n. 4. Nor can one simply declare an indictment "void" and then base constitutional claims on it. *See, e.g.*, doc. 33 at 6 ¶¶ 18-21. The same must be said for unilateral declarations that one has "exhausted" their claims (as noted, Haggins is *going to trial* in the criminal case against him). *Id.* at 7.

The Court also noted a possible *McLaughlin* claim,[3] *id.* at 11-2, though Haggins had failed to plead sufficient details. Still, it was

---

[2] For example, he complains that he was improperly arrested and thus "involuntarily transported" to police headquarters where he was jailed "without receiving medical treatment." Doc. 33 at 2 ¶ 4. But merely self-labeling an arrest "improper" does not an arrest-based, § 1983 claim make. Plus he never once pleads that he was in an objectively serious medical need, much less that a state actor deliberately disregarded it -- indispensable elements of a medical-needs § 1983 claim. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Bumpus v. Watts*, 2011 WL 4436591 at * 1 (11th Cir. Sep. 26, 2011). The rest of Haggins' complaint basically showcases his factual and legal defenses to the prosecution against him. As previously explained, that sounds in habeas and thus cannot be advanced here.

[3] *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Capestany v. State*, 289 Ga.App. 47, 52 n. 10 (2007); doc. 21 at 10-12. *McLaughlin* held that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of [*Gerstein v. Pugh*, 420 U.S. 103 (1975)]." 500 U.S. at 56. Where -- and Haggins claims he did not receive this benefit -- a probable cause determination does not occur

3

entirely possible, the Court further noted, that his own criminal defense lawyer waived that claim. *Id.* at 12. In his proposed amendment Haggins pleads facts showing such a waiver. Doc. 33 at 4 ¶ 9. But he also alleges that he was arrested on August 9, 2010, *id.* at 2 ¶ 3, and was not released or furnished with an indictment or probable cause determination within the 48 hours required by the law cited in note 2, *supra*, and note 3, *infra*. Doc. 33 at 3 ¶ 6. And, if his defense counsel waived that right, it did not occur until August 25, 2010, *id.* at 4 ¶ 9, which means Haggins states a colorable claim for the August 9 - 24, 2010 time period.

Haggins, of course, must also link a defendant to that claim. In its last Order, the Court warned him of that deficiency: "The arresting officers, and hence the county making the arrest, are responsible for conveying the offender before a judicial officer. O.C.G.A. § 17–4–62. But

---

within 48 hours of a warrantless arrest, "the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *Id.* at 57; *see also* O.C.G.A. § 17-4-62 (any person who is arrested without a warrant and who is not brought before an appropriate judicial officer within 48 hours of arrest "shall be released," but that release right expires when a warrant or indictment is obtained). *McLaughlin*-based claims have been brought under § 1983, *see, e.g., Haggins v. Schroyer*, 2011 WL 5358665 at * 4 (S.D. Ga. Nov. 7, 2011), and under state law. *Capestany*, 289 Ga.App. at 52 n. 10 (noting civil remedy for McLaughlin violation). A win on this claim would at most fetch a damages award but not disturb any prosecution or conviction.

even here, facts must be pled." Doc. 21 at 14 n. 11. In his amended complaint Haggins alleges that Shanita Young was the lead detective in his case, doc. 33 at 1 ¶ 1, then accuses his *jailer* (Al St. Lawrence) of failing to ensure his *McLaughlin* rights. *Id.* at 3 ¶ 6.

However, in his prayer for relief he seeks a judgment declaring "that *Young* violated the plaintiff's 4th Amendment right to have a determination of probable cause without an unreasonable delay[.]" *Id.* at 10 ¶ 3(c) (emphasis added). Construing his pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*), Haggins may be said to be raising a money damages (but *not* a declaratory judgment) claim against Young, in that he alleges her to be his arresting officer, so she was subject to the O.C.G.A. § 17-4-21 duty to ensure his *McLaughlin* rights.[4] The Marshal

---

[4] Georgia endeavors to uphold *McLaughlin* rights through statutes like O.C.G.A. § 17-4-62 ("In every case of an arrest without a warrant, the person arresting shall, without delay, convey the offender before the most convenient judicial officer authorized to receive an affidavit and issue a warrant as provided for in Code Section 17-4-40. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose; and any person who is not brought before such judicial officer within 48 hours of arrest shall be released."). Another statute requires that:

> The arresting officer shall take the arrested person before the most convenient and accessible judicial officer authorized to hear the case unless the arrested person requests otherwise, in which case, if there is no suspicion of improper motive, the arresting officer shall take him before some other judicial officer.

5

shall therefore serve Detective Shanita Young with a copy of the Complaint and Haggins' motion to amend it. Docs. 1 & 33. The remainder of Haggins' claims should be **DISMISSED**. The Court has amended the caption to reflect the fact that Young is now the sole defendant. The Clerk shall amend the docket and all subsequent filings shall conform.

**SO REPORTED AND RECOMMENDED** this  28th  day of February, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

An arrested person has no right to select the judicial officer before whom he shall be tried.

O.C.G.A. § 17-4-21, quoted in *Capestrany*, 289 Ga.App. at 49.