# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KENNETH B. HAGGINS, )
)
    Plaintiff, )
)
v. ) Case No. CV411-209
)
OFFICER JACOB SCHROYER; )
DETECTIVE SHINITA )
YOUNG; SGT. R. GAVIN; )
GREGORY JACOBS, Assistant )
District Attorney; STEVE BROWN, )
Assistant District Attorney; )
TODD MARTIN, Assistant )
Public Defender, )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

Kenneth B. Haggins filed this 42 U.S.C. § 1983 action in response to a then-ongoing state court prosecution. Doc. 1. The Court previously screened his case and denied all but a claim against defendant Shinita Young, who (Haggins asserts) denied him his right to a prompt judicial determination of probable cause following his warrantless arrest. *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975). Doc. 39, *reported at* 2012 WL 662848, *adopted*,

doc. 45. A violation of this Fourth Amendment right affords an arrestee with a cause of action under § 1983 for compensatory and punitive damages. *Lopez v. City of* Chicago, 464 F.3d 711, 722 (7th Cir. 2006); *Hallstrom v. City of Garden* City, 991 F.2d 1473, 1480-83 (9th Cir. 1993); *Blumel v.* Mylender, 954 F. Supp. 1547, 1559 (M.D. Fla. 1997); *see also* O.C.G.A. § 17-4-62. Haggins, who has since been acquitted of the charges against him, now moves for partial summary judgment[1]

> on the question(s) of whether (1) Young is protected by Sovereign, Official, and Qualified Immunity; (2) Young was obligated to take the plaintiff before a judicial officer to determine if there was probable cause for his arrest; (3) Young fulfilled her ministerial duties as the arresting officer; (4) the Mayor and Aldermen of the City of Savannah (the "City") benefits from sovereign immunity.

Doc. 55, as *refiled*,[2] doc. 59; *see also* docs. 56 & 60 (briefs).

Despite plaintiff's *pro se* status, the Court cannot develop his claims for him. *Mendenhall v. Blackmun*, 456 F. App'x 849, 851-52 (11th

---

[1] "A party is entitled to summary judgment . . . if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a)." *Ainsworth v. Norris*, 469 F. App'x 775, 776 (11th Cir. 2012). "Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of its case, and on which it bears the burden of proof at trial. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996)." *Galloway v. Aletheia House*, 2013 WL 597783 at * 1 (11th Cir. Feb. 15, 2013).

[2] Plaintiff evidently omitted some "Exhibit" designations in his supporting brief, doc. 56, so he re-filed his entire motion and brief unchanged except for the Exhibit designations.

Cir. 2012) ("We show leniency to *pro se* litigants, but we will not serve as *de facto* counsel or rewrite a pleading in order to sustain an action.") Meanwhile, Young herself moves for complete summary judgment. Docs. 58 & 62. Haggins has failed to rebut her showing (doc. 58 at 2-3; doc. 62 at 2-3) that he in fact *was* presented to a judicial officer the day after his arrest, well within the 48 hour limit that is generally acceptable under *McLaughlin*. Doc. 58 at 3; doc. 62 at 3 ("Whether she was the arresting officer or not, Detective Young has demonstrated that she presented Haggins to a judicial officer within 48 hours of his arrest."); *see also* doc. 58-3 at 3 (initial appearance judge's signature and date).

*McLaughlin* requires that "persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause." *McLaughlin*, 500 U.S. at 53. The "Constitution does not impose on the States a rigid procedural framework. Rather, individual States may choose to comply in different ways." *Id.* Young never claims that a probable cause determination was actually made, only that Haggins received an initial appearance. And the form she tenders says "First Appearance/Waiver Form," but bears no

indication that a probable cause determination was made or waived. Doc. 58-3 at 3.

For that matter, courts do not always do probable cause determinations at the initial appearance. *See, e.g., Blumel v. Mylander*, 954 F. Supp. 1547, 1557 (M.D. Fla. 1997) (citing Florida criminal procedure rules that "require that the inmate have an initial appearance within twenty-four (24) hours and a probable cause determination within forty-eight (48) hours. Fla. R. Crim. P. 3.130 & 3.133."). And there is authority to support the conclusion that jailers and police defendants can be held liable for failing to *seek* a probable cause determination even when timely securing an initial appearance. *Lingenfelter v. Bd. of Cty Com'rs of Reno Cty, Kan.*, 359 F. Supp. 2d 1163, 1174 (D. Kan. 2005) (sheriff was not entitled to quasi-judicial immunity for detaining arrestee for eight days without judicial probable cause determination, notwithstanding initial appearance at which bond was set, absent evidence as to substance and circumstances of judge's order).[3]

---

[3] As that court explained:

> A law enforcement officer may thus violate the Fourth Amendment by continuing to detain an arrestee as to whom no probable cause has been found. Moreover, this is true regardless of whether the officer's intentions are good or bad, because the officer's subjective intentions play no role in assessing the

Finally, "the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly carried its burden." *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982), *quoted in Donovan v. United Egg Products, Inc.*, 560 F.Supp. 426, 427 (S.D. Ga. 1983); *accord, Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Haggins, then, need not respond to Young's summary judgment motion unless it is supported.

It is so supported. Haggins cannot recover because Young has shown, and Haggins does not dispute, that she timely brought him before a state court judge. Once she satisfied *McLaughlin's* 48-hour requirement, it was up to the prosecutor and judge to uphold his right to a probable cause determination. If they failed to do so, Young cannot be held liable. *Jones v. Lowndes Cty, Miss.*, 678 F.3d 344, 350-51 (5th Cir. 2012) ("Because the judges' actions caused the complained-of delay and plaintiffs failed to show that defendants were liable for those judges'

---

reasonableness of a seizure under the Fourth Amendment. *Cf. Graham v. Connor*, 490 U.S. 386, 397-99, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).

*Lingenfelter*, 359 F. Supp. 2d at 1170. The court there refused the defendant "sheriff's attempt to shrug off his federal constitutional responsibilities toward detainees confined in [his jail] who have not yet had a probable cause hearing." *Id.*

5

actions, summary judgment was appropriate" to the defendant county and county police officer who arrested plaintiffs).[4]

This result is better illuminated by focusing on the essence of the constitutional tort alleged: The *conscious* (as opposed to mere neglectful) decision to detain someone *despite* their right to a prompt probable cause determination within the meaning of McLaughlin. *Bunyon v. Burke County*, 306 F.Supp.2d 1240, 1251 (S.D. Ga. 2004) (where sheriff had policy of not accepting bail on behalf of certain detainees until he received notification that a court date had been set, even if that was longer than the time allowed, county could be held liable for due process violation). *McLaughlin* plaintiffs therefore must show that a defendant was in a position (if not under a duty) to uphold his *McLaughlin* right and deliberately disregarded that duty, singly or via established policy.

Young's showing here demonstrates that if she was under such a duty (she says no because she was not the arresting officer, though she admits that she brought Haggins to his first appearance), she did all that was reasonably demanded of her. At the first judicial hearing the

---

[4] Note that "there is considerable confusion and disagreement concerning the length and type of delay that will be considered unreasonable or unnecessary, as well as with regard to the liability of particular individuals involved in the detention." 26 AM. JUR. PROOF OF FACTS 2d 617 (Feb. 2013) (footnote omitted).

prosecutor and judge take over the reins, and if they fail to accord someone like Haggins his *McLaughlin* rights then the legal consequences cannot be visited upon Young,[5] for she is in no position to force those two state actors to conduct that hearing in any particular way.

Haggins' claim thus fails because he cannot show the deliberate indifference needed to affix §1983 liability to her, only (at *best*) simple negligence in failing to secure his *McLaughlin* rights. *Golberg v. Hennepin County*, 417 F.3d 808, 812 (8th Cir. 2005) (county's failure to process detainee more rapidly, when she was apparently lost in new computer system for several hours, delaying her release after bail had been posted on outstanding warrants, was mere negligence, and thus standard of criminal recklessness needed to prove that sheriff or other jail employee was deliberately indifferent to her constitutional due process rights was not satisfied); *cf., Kelly v. Borough of Carlisle*, 622 F.3d 248, 264 (3rd Cir. 2010) (no municipal liability under § 1983 where plaintiff failed to show deliberate indifference, as opposed to mere

---

[5] The judge and prosecutor, in turn, would be immune from an action seeking money damages. *Rehberg v. Paulk*, ___ U.S. ___, 132 S.Ct. 1497, 1503 (2012); *Lockett v. Wright*, 2013 WL 497592 at * 3 (S.D. Ga. Jan. 15, 2013).

negligence, in case against it for alleged unlawful arrest for filming a traffic stop).

Young therefore has negated an essential element of plaintiff's claim. Haggins was required, but failed, to show that he was not presented to a judicial officer within 48 hours of his warrantless arrest, or that Young intentionally or recklessly kept him from receiving the probable cause determination to which he was legally entitled. She thus is entitled to summary judgment on that basis alone, and this result obviates resolution of her other defenses (that she was not the arresting officer, etc.), as well as Haggins' immunity or "ministerial duty" arguments.

Accordingly, plaintiffs' partial summary judgment motions (doc. 55 & 59) should be **DENIED**, docs. 55 & 59, defendant Young's summary judgment motions (docs. 58 & 59) should be **GRANTED**, and this case should be **DISMISSED WITH PREJUDICE**.[6]

---

[6] The docket reveals that neither the Clerk nor Young provided a Notice of Summary Judgment motion, as required by *Griffith v. Wainright*, 772 F.2d 822, 825 (11th Cir. 1985), to Haggins. *Griffith* and cases like it (*see, e.g., Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012), instruct courts (and advise defendants like Young) to provide to *pro* se litigants a fair and reasonable notice of the legal requirements needed to defeat a defendant's summary judgment motion. It must be issued at the time of the motion and allow at least ten days within which the *pro se* litigant may respond, *Coleman v. Smith*, 828 F.2d 714, 716 (11th Cir. 1987). It is particularly important (and this did

**SO REPORTED AND RECOMMENDED** this 18Th day of March, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

not happen here) where the court converts a motion to dismiss, for example, into a summary judgment motion by considering matters outside the pleadings. *Jones v. Automobile Ins. Co. of Hartford, Conn.*, 917 F. 2d 1528, 1532 (11th Cir. 1990); *Brown v. Brock*, 169 F. App'x 579, 582 (11th Cir. 2006).

Still, if "it is clear from the record that there are no facts that would permit the inmate to prevail," *Woods*, 684 F.3d at 941, then the error can be deemed harmless. *Id.*, applied in *Franklin v. Grounds*, 489 F. App'x 237, 2013 WL 29784 at * 1 (9th Cir. Jan. 3, 2013). That is the case here, where the foregoing analysis shows that Young has pierced an indispensable element of plaintiff's case.

For that matter, a *Griffith*-notice error is also harmless if "the record shows that it was reasonably apparent to [the *pro se* plaintiff] that [he] was required to submit all evidence in opposition to the motion, see *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985)." *Shockley v. HealthSouth Central Georgia Rehabilitation Hosp.*, 293 F. App'x 742, 744 n. 1 (11th Cir. 2008); *see also Ray v. Equifax Information Services, LLC*, 230 F. App'x 871, 873 (11th Cir. 2007) (noting the circuit's "limited harmless error analysis to this rule."). Here the *Griffith* notice was *twice* sent to Haggins after he himself moved for partial summary judgment, docs. 55 & 57, to which Young responded with her own summary judgment motion. Docs. 58 & 62. And her supporting brief, for that matter, dovetails with the core wording of the *Griffith* Notice. Doc. 58 at 3-4; doc. 62 at 3-4. Those two combined equate to a *Griffith* notice upon Young's summary judgment motion.

Finally, Haggins has 14 days (4 beyond *Griffith's*, 10-day notice rule) to object to this Report and Recommendation under Fed. R. Civ. P. 72(b)(2). In that Objection he is free to show why summary judgment should not be entered against him. He may also move for an extension of time, if needed. He nevertheless is reminded, however, that Fed. R. Civ. P. 11 sanctions apply to sanctionably frivolous assertions or arguments. *See, e.g., Bank of the Ozarks v. Kingsland Hosp., LLC*, CV411-237, doc. 45 at 5, 7, 2012 WL 5928641 at * 1, 7 (S.D. Ga. Nov. 26, 2012) (*sua sponte* Rule 11 sanction against defense counsel for advancing what "appeared to be wanton pleading of defenses with no apparent basis in the record").